**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TONY TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-02872 |
| v. | ) | |
| | ) | Magistrate Judge Jeannice W. Appenteng |
| CASEY'S RETAIL COMPANY, and CASEY'S GENERAL STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tony Turner alleges that while he was pumping gas into his truck at defendant Casey's General Store ("Casey's"), he tripped on a raised piece of rubber caulk and fell, sustaining injuries. He filed suit against Casey's Retail Company and Casey's General Stores, Inc. (collectively "defendants") in the LaSalle County Circuit Court asserting claims for premises negligence and general negligence. Defendants removed the case to federal court based on diversity of citizenship. The parties then consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Before the Court is defendants' motion for summary judgment. Dkt. 97. For the reasons set forth here, the motion is denied.

## BACKGROUND

### A. The Local Rule 56.1 Statements

Prior to reciting the facts, the Court addresses some problems with the Local Rule 56.1 submissions.[1] First, plaintiff denies several statements without providing any explanation or supporting citation in violation of Local Rule 56.1(e)(3). *See, e.g.*, Dkt. 101 ¶¶ 7, 9, 11, 13, 15, 27, 28. Those facts are deemed admitted. L.R. 56.1(e)(3) ("Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material."); *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 414 (7th Cir. 2019) ("We have consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1.") (internal quotations omitted). Defendants similarly deny paragraph 8 of plaintiff's statement of additional facts without explanation, but since plaintiff cites no authority for the purported fact, the Court will not consider that paragraph. Dkt. 103 ¶ 8.

Second, plaintiff violated Local Rule 56.1(d)(5) by asserting 94 additional statements of fact without obtaining leave of court. *See* L.R. 56.1(d)(5) ("An opposing party's LR 56.1(b)(3) statement of additional facts must not exceed 40 numbered paragraphs. A party must seek the court's permission before exceeding these limits."). The Court will not consider paragraphs 41 through 94 in Dkt. 100. Finally, both parties object to numerous paragraphs on the grounds of immateriality. *See, e.g.*, Dkt. 101 ¶¶ 1-4, 29-32; Dkt. 103 ¶¶ 23-26, 29-36, 39, 40. For purposes of this

---

[1] *See* Defendants' Statement of Facts, Dkt. 97-1; Plaintiff's Responses to Defendants' Statement of Facts, Dkt. 101; Plaintiff's Rule 56.1 Statement of Additional Undisputed Material Facts, Dkt. 101; Defendants' Response to Plaintiff's Rule 56.1 Statement of Additional Undisputed Material Facts, Dkt. 103.

order, facts not specifically mentioned herein were deemed not material to the Court's analysis and the objections are therefore sustained. Objections to facts addressed here have been overruled. Unless otherwise stated, the facts set forth here are undisputed.

**B. Plaintiff's Accident**

On February 15, 2022, plaintiff went into the Casey's located at 1401 East Main Street in Streator, Illinois. Dkt. 97-1 ¶¶ 1, 6; Dkt. 101 ¶ 9. He visited that Casey's location about 20 times before to get a soda or some food, and had gassed up his vehicle there approximately five times. Dkt. 97-1 ¶ 5. That day, plaintiff purchased a cup of coffee and a pizza breakfast slice, and prepaid for gasoline. *Id.* ¶ 6. Upon returning to his truck, plaintiff put the nozzle in the gas tank and went around to the front of the vehicle to speak with his father-in-law who was in the passenger seat. *Id.* As plaintiff was shuffling his feet sideways and looking over the top of the vehicle, the side of his left shoe hit a piece of rubber caulk sticking out from between two slabs of concrete and he fell. *Id.* ¶¶ 13, 16; Dkt. 100 ¶ 15; Dkt. 99-1, Pl. 12/11/2024 Dep., at 14, 19, 86.

There are no photographs or video evidence of the rubber caulk and neither plaintiff nor anyone else measured it. Dkt. 97-1 ¶¶ 8, 12. Plaintiff, however, provided the following descriptions: (a) it was in the shape of a rainbow arc that was about half an inch high, *Id.* ¶ 14; (b) it was raised out of the ground half an inch and extended about six or seven inches before going back down, *Id.* ¶ 15; Dkt. 100 ¶ 20; (c) it was "[a]t least half an inch" off the ground, Dkt. 97-1 ¶ 12, Dkt. 99-1,

Pl. 12/11/2024 Dep., at 30; (d) it was "[a]bout a half inch" off the ground, Dkt. 99-1, Pl. 12/11/2024 Dep., at 60; (e) it extended from the gas pole to the front tire and continued underneath the truck, Dkt. 100 ¶ 13; and (f) it was "hanging up," "bulged up," or "swelled up." *Id.* ¶¶ 18, 19. Plaintiff is not aware of anyone else who witnessed the rubber caulk that he tripped on. Dkt. 97-1 ¶ 9; Dkt. 97-5, Pl. 12/11/2024 Dep., at 51-52.

Casey's store manager Sandra Winstead did not see plaintiff fall but someone notified her of the incident and she went out to see plaintiff laying on the ground by pump 4. Dkt. 97-1 ¶¶ 20, 21. Winstead did not see any garbage, snow, ice, or debris on the pavement and does not know what caused plaintiff to fall. *Id.* ¶¶ 22, 23. She did notice, however, that the rubber seal between the concrete slabs was worn. *Id.* ¶ 24. Plaintiff left Casey's in an ambulance. *Id.* ¶ 23; Dkt. 101 ¶ 23. The day after the fall, he had surgery to repair an acute fracture to his hip. Dkt. 100 ¶¶ 25, 26.

## DISCUSSION

### A. Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(a). To prevail on a motion for summary judgment, the movant can either highlight that an essential element of the non-movant's claim lacks evidence or present evidence that negates an essential element. *Ellison v. United States Postal Serv.*, 84 F.4th 750, 759 (7th Cir. 2023). The non-moving party can avoid a summary judgment ruling by offering evidence that

would allow a reasonable jury to find in their favor. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). "The burden on the non-movant is not onerous" and he need not "persuade the court that his case is convincing." *Cruz v. Fox Sec., Inc.*, No. 24 CV 4035, 2026 WL 370934, at *1 (N.D. Ill. Feb. 10, 2026) (quoting *Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 579 (7th Cir. 2019)). The Court must "construe all facts and draw all reasonable inferences in favor of the non-movant." *Upchurch v. Indiana*, 146 F.4th 579, 586 (7th Cir. 2025).

**B. Analysis**

To prevail on a claim for ordinary negligence under Illinois law,[2] plaintiff must "prove the existence of a duty owed by the defendant[s] to the plaintiff, a breach of that duty, and injury proximately resulting from the breach." *Cruz v. Costco Wholesale Corp.*, 134 F.4th 984, 987 (7th Cir. 2025) (quoting *Heider v. DJG Pizza, Inc.*, 2019 IL App (1st) 181173 ¶ 29). A claim for premises liability "requires proof of the three elements of ordinary negligence, plus proof that (1) there was a condition on the property that presented an unreasonable risk of harm, (2) the defendant[s] knew or reasonably should have known of the condition and the risk, and (3) the defendant[s] could reasonably have expected people on the property would not realize, would not discover, or would fail to protect themselves from the danger." *Heimer v. Roundy's Illinois, LLC*, 2025 IL App (3d) 240667-U, 2025 WL 3537373, ¶ 37. The difference between the two claims is that in an ordinary

---

[2] Because the Court is sitting in diversity, state substantive law applies. *Khouri v. Highland Park CVS, LLC*, 178 F.4th 391, 397 n.1 (7th Cir. 2026). The parties agree that Illinois substantive law governs. Dkt. 97-2 at 2-3; Dkt. 99 at 3.

negligence case, the defendants are alleged to have "caused the dangerous condition," whereas in a premises liability case, the defendants are alleged to have "maintained a dangerous condition." *Ayala v. Menard, Inc.*, No. 22 CV 7338, 2025 WL 965143, at *2 (N.D. Ill. Mar. 31, 2025) (quoting *Hutson v. Pate*, 2022 IL App (4th) 210696, ¶ 45).

**1. The De Minimis Rule**

The dangerous condition at issue here is a piece of rubber caulk sticking up from the concrete. Defendants argue that they are entitled to summary judgment on both theories of liability because defendants had no duty to repair the condition given its de minimis size.[3] Dkt. 97-2 at 5-6. Landowners have a duty to maintain their premises in a reasonably safe condition. *Heimer*, 2025 IL App (3d) 240667-U, ¶ 38; *St. Martin v. First Hospitality Group, Inc.*, 2014 IL App (2d) 130505, ¶ 11. Under the de minimis rule, however, landowners have no duty to repair "relatively minor or slight defects in the sidewalks on its property." *Thompson v. Menard, Inc.*, No. 16 CV 6560, 2017 WL 4164196, at *4 (N.D. Ill. Sept. 20, 2017).

The de minimis rule recognizes that landowners are not "absolute guarantor[s] of the safety of all who traverse [their] property," and that requiring "endless repairs" of minimal defects would impose "an unreasonable burden for any landowner, particularly in a midwestern climate marked by massive fluctuation in temperatures." *Drobick v. Costco Wholesale Corp.*, 2026 IL App (1st) 250468-U, ¶¶ 22, 23. *Cf. Putman v. Village of Bensenville*, 337 Ill. App. 3d 197, 207-08, 786 N.E.2d

[3] Defendants do not raise any arguments as to the other elements of plaintiff's negligence claims.

203, 210 (2d Dist. 2003) (declining to apply de minimis rule to a contractor hired to construct an allegedly defective sidewalk ramp because "[t]here is a significant difference between building a sidewalk in the first place and maintaining it ever after.").

Though this rule originated in cases involving municipalities, its application "has been extended to private owners and possessors of land, as well as to defects in parking lots." *Heimer*, 2025 IL App (3d) 240667-U, ¶ 39 (citing *St. Martin*, 2014 IL App (2d) 130505, ¶ 13 and *Barrett v. FA Group, LLC*, 2017 IL App (1st) 170168, ¶ 29); *see also Hartung v. Maple Investment and Dev. Corp.*, 243 Ill. App. 3d 811, 815, 612 N.E.2d 885, 889 (2d Dist. 1993) (applying de minimis rule to a shopping center since it would be "harsh and impractical" to require landowners to monitor and maintain sidewalks "perfectly at all times."). Accordingly, the Court concludes that the de minimis rule applies to this dispute notwithstanding plaintiff's contention that it is limited to the context of municipalities.[4] Dkt. 99 at 4-6.

"Whether a height variance . . . is de minimis depends on all of the pertinent facts, and there is no simple standard to separate de minimis defects from actionable ones." *Heimer*, 2025 IL App (3d) 240667-U, ¶ 39 (quoting *St. Martin*,

[4] The Court also finds no merit to plaintiff's argument that the de minimis rule does not apply because the rubber caulk qualifies as a foreign object or substance on the ground as opposed to a "permanent or semi-permanent structural feature[ ]." Dkt. 99 at 6-8 (citing *Davis v. City of Chicago*, 8 Ill. App. 2d 396 (1956), and *Donovan v. Raschke*, 106 Ill. App. 2d 366, 246 N.E.2d 110 (1st Dist. 1969)). As cited, the *Davis* case does not exist. And *Donovan*, which involved a plaintiff who tripped on a roll of wire mesh near a construction project, does not address the de minimis rule. 106 Ill. App. 2d at 369, 246 N.E.2d at 112. Moreover, plaintiff testified that the rubber caulk had been "poured between the concrete," Dkt. 99-1, Pl. 12/11/2024 Dep., at 14, making it a structural defect.

2014 IL App (2d) 130505, ¶ 14). That said, courts are generally in agreement that absent aggravating circumstances, a deviation of less than two inches qualifies as de minimis. *Id.* at ¶ 40; *Drobick*, 2026 IL App (1st) 250468-U, ¶ 24 (collecting cases); *Thompson*, 2017 WL 4164196, at *4; *Costanzo v. Costco Wholesale Corp.*, No. 21 CV 1626, 2024 WL 1254360, at *3 (N.D. Ill. Mar. 25, 2024) ("'[I]t is well established that, absent any aggravating factors, a vertical displacement of less than two inches is de minimis' as a matter of law.").

Plaintiff variously testified that the piece of rubber caulk he tripped on was (a) "[a]lmost an inch" high, Dkt. 99-1, Pl. 12/11/2024 Dep., at 17; (b) "[a]t least half an inch" off the ground, *id.* at 30; and (c) "[a]bout a half inch" off the ground. *Id.* at 60. Plaintiff argues that since he did not measure the defect, his observation was "just an approximation" and a jury "could certainly determine that the defect was in fact much larger than 1/2 an inch." *Id.* Plaintiff further argues that his use of the phrase "at least" creates a material question of fact for a jury. Dkt. 99 at 12. By plaintiff's logic, a jury could find that the defect was any size, even five or 10 inches off the ground, regardless of plaintiff's other statements. The Court is not persuaded. Given that the highest possible measurement range plaintiff identified was one inch, no reasonable jury could conclude that the rubber caulk defect was more than two inches, or in other words, more than de minimis.

**2. Aggravating Factors**

The mere fact that the rubber caulk defect was de minimis does not automatically bar plaintiff's negligence claims. "Rather, a defect less than two

inches may nonetheless be actionable if certain 'aggravating factors' are present." *Costanzo*, 2024 WL 1254360, at *4 (quoting *St. Martin*, 2014 IL App (2d) 130505, ¶ 15). There is no "set checklist of factors," but courts have found the following circumstances to be aggravating: (1) poor lighting; (2) heavy foot traffic or congestion; (3) a likelihood of distraction in the area; (4) proximity to the only means of ingress and egress; and (5) whether the defect was on a flat or sloped surface. *Id.* (collecting cases). "Whether aggravating factors are present to give rise to a duty to repair a defect is generally a question of fact for the jury." *Thompson*, 2017 WL 4164196, at *4.

Plaintiff concedes that at the time of his accident, the concrete was clean and without snow, ice or other debris. Dkt. 101 ¶ 10. In addition, plaintiff does not challenge defendants' representation that the accident occurred in daylight, eliminating lighting as an issue. Dkt. 97-2 at 9. Other factors, however, are in dispute. Defendants state in conclusory fashion that the location of the gas pump was "not near an entrance to the store" or "near the only means of ingress and egress" but provide no testimonial or other evidence to support this alleged fact. Dkt. 97-2 at 9; Dkt. 102 at 3.

Similarly, defendants cite nothing in the record to support that foot traffic in the area was light or that "this [was] not a busy location." Dkt. 102 at 3. Defendants' belief that "[t]he only person that should be walking between a vehicle and a gas pump is the person putting gas into the vehicle," is not evidence of light foot traffic. Dkt. 97-2 at 9. Moreover, plaintiff describes the area as a "busy

commercial space connecting gas pumps, a general store, and the parking lot," Dkt. 99 at 9, and cites testimony from his expert witness Hamilton Howard to argue that it was "an extremely high traffic area - and the center point of [defendants'] very business." *Id.* at 10 (citing Dkt. 99-5, Howard Dep. at 146) ("[I]t is a very busy parking lot."). Whether these conditions amount to the presence or absence of aggravating factors is a fact question for the jury. *See Thompson*, 2017 WL 4164196, at *4.

As for distractions, defendants claim, without citation to the record, that plaintiff fell "with very little traffic and no one around." Dkt. 102 at 3. Yet defendants concede that plaintiff was looking over the top of his truck and not paying attention to where he was going. Dkt. 97-2 at 9; Dkt. 102 at 3. *Cf. Costanzo*, 2024 WL 1254360, at *5 (granting summary judgment where the plaintiff did not claim to be looking away from the defect when she fell). Plaintiff states that the location had "lots of distraction at the time of the occurrence" as he "had to pay attention to his vehicle, the pumping station and the surroundings." Dkt. 99 at 9-10. This Court finds that whether plaintiff's distraction rises to the level of an aggravating factor is for the trier of fact. *See, e.g., Thompson*, 2017 WL 4164196, at *5 (denying summary judgment where there was evidence suggesting that "there may have been significant pedestrian traffic" where the plaintiff fell, and that pedestrians "might have been distracted by looking for their cars or looking at their store receipts.").

Viewing the facts in a light most favorable to plaintiff, the Court finds that a jury must determine whether there were aggravating factors sufficient to preclude application of the de minimis rule.

**CONCLUSION**

For the reasons stated above, defendants' motion for summary judgment [97] is denied.

**SO ORDERED.**

DATED: 9/24/2026

**Jeannice W. Appenteng**
**United States Magistrate Judge**